No. 950 October 29, 2025 589

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KAREN PIERCY,
aka Karen Elisabeth Piercy,
*Defendant-Appellant.*

Lincoln County Circuit Court
22CR28462; A185394

Sheryl Bachart, Judge.

Submitted September 12, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellant Section, and Laura A. Frikert, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Remanded for resentencing.

**EGAN, J.**

Defendant appeals a judgment of conviction for third-degree robbery. Defendant assigns error to her sentence, arguing that it plainly exceeds the maximum allowed by law. The state concedes the error. We accept the state's concession and remand for resentencing.[1]

Defendant pleaded guilty to third-degree robbery, and stipulated to grid block 8-C of the felony sentencing guidelines. The trial court sentenced her to 34 months' imprisonment and 36 months' post-prison supervision. She argues that the trial court erred by imposing a sentence that exceeds the statutory maximum sentence by 10 months.

ORS 161.605(3) provides that the maximum term for defendant's offense is 60 months. OAR 213-005-0002(4) prohibits a PPS term that, "when added to the prison term," exceeds "the statutory maximum indeterminate sentence for the crime of conviction." Defendant was sentenced to a total of 70 months. That exceeds the statutory maximum by 10 months. Defendant argues that the error is plain and that we should exercise our discretion to correct it. The state has conceded that the error is plain and that we should remand for resentencing. We accept the state's concession and exercise our discretion to correct the error in the interests of justice, and because the error is grave.

Remanded for resentencing.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.